IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **MICHAEL WIDMAN** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | JURY TRIAL DEMANDED |
| ) | |
| **NPAS SOLUTIONS, LLC** ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, Michael Widman ("Plaintiff"), by and through undersigned counsel, and for her complaint against the Defendant, NPAS Solutions, LLC. ("Defendant NPAS"), Plaintiff states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

## JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692 et seq., and pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper in this district in that Plaintiff resides here, Defendant NPAS transacts business here, and the conduct complained of occurred here.

## PARTIES

4. Plaintiff is a natural person who resides in Harrisonville, Missouri.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant NPAS is a business entity engaged in the collection of consumer debt within the State of Missouri.

7. Defendant NPAS is a foreign limited liability company registered to do business in Missouri with a business address of P.O. Box 2248, Maryland Heights, MO 63043.

8. Defendant NPAS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

9. Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

10. Upon information and belief, on or about December 14, 2012, Plaintiff incurred a debt to Research Medical Center ("Research debt").

11. Plaintiff fell behind on her payments, and was ultimately a defendant in a Cass County Missouri collection lawsuit (14CA-AC01977). SEE EXHIBIT 1. Plaintiff retained counsel and settled that aforementioned lawsuit in full.

12. On or about June 10, 2015, Plaintiff satisfied her Research debt and a "DISMISSAL WITH PREJUDICE" was filed by RESEARCH MEDICAL CENTER, by and through their attorney. SEE EXHIBIT 2. The details of that settlement are that Research Medical Center accepted $750 as payment in full for the alleged amount due, $1,698.80. SEE EXHIBIT 3

13. On or about June 10, 2015, Plaintiff received documentation releasing her of any liability concerning the Research debt.

14. On or about September 3, 2015, Defendant NPAS contacted Plaintiff via a written letter concerning the Research debt. SEE EXHIBIT 4. The letter alleged Plaintiff owed nine hundred forty-eight dollars and eighty cents ($948.80), the exact amount forgiven from the settlement agreement.

15. Plaintiff was alarmed to discover that Defendant NPAS was trying to collect on the Research debt as it had already been satisfied.

16. Through this communication, Defendant NPAS misled Plaintiff by demanding payment on a debt that was no longer valid.

17. These communication practices constituted violations of the FDCPA.

## FIRST CLAIM FOR RELIEF

### Violation of 15 U.S.C. § 1692e(2)

18. Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if rewritten here.

19. Pursuant to the "Congressional findings and declaration of purpose" section of the FDCPA, "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *See* 15 U.S.C. § 1692.

20. Plaintiff has been subjected to deceptive and unfair debt collection practices as outlined below which have imposed upon her injury and loss.

21. The FDCPA states, "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *See* 15 U.S.C. § 1692e.

22. Further, the FDCPA protects consumers against, "The false representation of the character, amount, or legal status of any debt." 1692e *Id.*

23. Defendant NPAS, by and through its employees, misled Plaintiff by demanding payment.

24. Plaintiff did not owe the Research debt and Defendant NPAS falsely misrepresented the status of the debt by continuing to state it was unsatisfied.

25. This misrepresentation constituted a violation of the FDCPA.

**WHEREFORE** Plaintiff prays for judgment on this ***FIRST CLAIM FOR RELIEF*** in her favor and against Defendant NPAS, and for the following relief:

a) Actual damages sustained pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

d) Any further relief deemed appropriate by this Honorable Court.

## SECOND CLAIM FOR RELIEF
### Violation of 15 U.S.C. § 1692e

26. Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if rewritten here.

27. Pursuant to the "Congressional findings and declaration of purpose" section

of the FDCPA, "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *See* 15 U.S.C. § 1692.

28. Plaintiff has been subjected to deceptive and unfair debt collection practices as outlined below which have imposed upon her injury and loss.

29. The FDCPA states, "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *See* 15 U.S.C. § 1692e.

30. Further, the FDCPA protects consumers against, "The false representation of the character, amount, or legal status of any debt." 1692e *Id.*

31. Defendant NPAS, by and through its employees, misled Plaintiff by demanding payment.

32. Plaintiff did not owe the Research debt and Defendant NPAS falsely misrepresented the status of the debt by continuing to state it was unsatisfied.

33. This misrepresentation constituted a violation of the FDCPA.

**WHEREFORE** Plaintiff prays for judgment on this ***SECOND CLAIM FOR RELIEF*** in her favor and against Defendant NPAS, and for the following relief:

a) Actual damages sustained pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

d) Any further relief deemed appropriate by this Honorable Court.

## THIRD CLAIM FOR RELIEF

### Violation of 15 U.S.C. § 1692f(1)

34. Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if rewritten here.

35. Pursuant to section 1692f(1), the FDCPA prohibits the unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the act, the following conduct is a violation of the FDCPA, "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *See* 15 U.S.C. § 1692.

36. Plaintiff has been subjected to collection efforts that are deceptive and unfair as the alleged debt is no longer viable or permitted by law. Allowing this collection to continue would violate the settlement agreement and established law.

37. The FDCPA states, "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *See* 15 U.S.C. § 1692e.

38. Further, the FDCPA protects consumers against, "The false representation of the character, amount, or legal status of any debt." 1692e *Id.*

39. Defendant NPAS, by and through its employees, misled Plaintiff by demanding payment.

40. Plaintiff did not owe the Research debt and Defendant NPAS falsely misrepresented the status of the debt by continuing to state it was unsatisfied.

41. This misrepresentation constituted a violation of the FDCPA.

**WHEREFORE** Plaintiff prays for judgment on this ***THIRD CLAIM FOR RELIEF*** in her favor and against Defendant NPAS, and for the following relief:

a) Actual damages sustained pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

d) Any further relief deemed appropriate by this Honorable Court.

## JURY DEMAND

42. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues.

## DESIGNATION OF PLACE OF TRIAL

43. Plaintiff requests a trial be held in Kansas City, Missouri.

Respectfully submitted,

Date: October 6, 2015          CREDIT LAW CENTER LLC

**By: /s/ Thomas A. Addleman**
**Thomas A. Addleman #51864**
**255 NW Blue Parkway, Suite 200**
**Lee's Summit, MO 64063**
**Telephone: 816-994-6200**
**Facsimile: 855-523-5905**
**TomA@CreditLawCenter.com**

**Attorneys for Plaintiff**